IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02202-MJW

CRAIG CURTIS SCHULTZ,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff is not disabled for purposes of the

Social Security Act. (AR[1] 30). Plaintiff has asked this Court to review that decision. The

Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have

this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). (Docket No.

13).

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative

law judge ("ALJ") to determine whether the factual findings are supported by substantial

evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,*

500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a

reasonable mind might accept as adequate to support a conclusion. It requires more

than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269,

---

[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this
case. (Docket Nos. 11 through 11-12).

1

1271-72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### Discussion

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"), as is relevant here:

> . . . [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can lift and carry a maximum of 10 pounds frequently and 10 pounds occasionally, sit for six hours total in an eight-hour workday, and stand and/or walk for six hours total in an eight-hour workday. The claimant can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, stoop, and crawl; and can frequently balance. He can frequently reach in all directions bilaterally.

(AR 23). The ALJ explained that "[d]ue to his cervical spine surgeries, lumbar spine condition, and right clavicle surgery the claimant is limited to lifting 10 pounds occasionally and 10 pounds frequently, because lifting more than this amount would likely aggravate his neck pain and upper extremity symptoms." (AR 25). The ALJ further explained: "physical examinations have shown mild weakness in his upper extremities, which justifies a limitation to lifting 10 pounds, although on occasion the claimant demonstrated full strength in his upper extremities." (AR 25). At the June 25, 2015 hearing, the ALJ asked Deborah Christensen, the Vocational Expert ("VE") whether Plaintiff could perform his past work and also about potential jobs he could perform. (AR 68-70). The VE testified that, based on the above limitations, Plaintiff could not perform his past work. (AR 69). The ALJ then had the following exchange with the VE:

ALJ: Okay. So for someone closely approaching advanced age with more than a high school education would there be other jobs that would be possible in the light category?

VE: Yes, there would. All righty. Okay, one example would be that of a small products assembler. That DOT code number is 706.684-022. It is light, SVP 2 and these jobs occur nationally at a rate of approximately 116,000 and regionally or within the state of Colorado at a rate of approximately 1,000.

Well, let's see here, one moment, and you know, Your Honor, I believe that's my only example.

ALJ: Okay. And would there be skills that would transfer to sedentary work within those limitations?

VE: No.

ALJ: And would the small product assembler be possible if the reaching in all directions were occasional rather than frequent?

VE: No.

(AR 69-70).

The ALJ ultimately found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 29). The ALJ included the following explanation:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative light exertion, unskilled occupations such as small products assembler, DOT 706.684-022, with 1000 positions in Colorado and 116,000 in the national economy.

(AR 29). Based on that, the ALJ concluded that "claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding that the claimant is not disabled is therefore appropriate under the framework of the above-cited rule and the testimony of the vocational expert." (AR 29).

20 C.F.R. § 404.1567(b) defines "light work" to involve "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(a) defines sedentary work to involve "lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools." The first issue that Plaintiff raises is that the ALJ denied benefits based on the existence of the job of small product assembler that the VE testified was defined as "light" without any clarification by either the ALJ or the VE of whether the 10-pound lifting limit would eliminate that job as a job that Plaintiff could perform. By definition, a "light" job could require someone to lift up to 20 pounds. Further, the VE testified that there were no other jobs that exist in sufficient numbers that Plaintiff could perform that were defined as "sedentary". Therefore, the ALJ's conclusion that Plaintiff could perform the job of small product assembler is based on an important ambiguity about whether that job is "light" as defined in the Code of Federal Regulations or if the VE was testifying that this position is defined as "light" but could also accommodate someone who is limited to lifting only 10 pounds. The Court concludes that this case must be remanded for further fact-finding to clarify this ambiguity.

Because the Court concludes that this case must be remanded to allow the ALJ to clarify this issue and further develop the record if necessary, the Court does not address the remaining arguments raised by Plaintiff.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is VACATED and REMANDED for further fact-finding and such other proceedings as the Administrative Law Judge deems appropriate.

Dated this 25th day of September, 2017.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge